J-S41035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PABLO URBINA-NEVAREZ, | |
| Appellant | No. 2081 MDA 2014 |

Appeal from the PCRA Order November 17, 2014
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0002745-2005

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED JULY 17, 2015**

Appellant, Pablo Urbina-Nevarez, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  We affirm.

We take the following facts from the PCRA court's September 9, 2014 Rule 907 Notice and our independent review of the record.  On September 11, 2006, a jury convicted Appellant of two counts each of corrupt organizations, possession of a controlled substance, and possession with intent to deliver a controlled substance, and one count each of criminal

_____

* Retired Senior Judge assigned to the Superior Court.

conspiracy and criminal use of a communication facility.[1]  The charges related to Appellant's involvement in a major cocaine trafficking ring.  On September 26, 2006, the court imposed an aggregate sentence of not less than seventeen-and-one-half nor more than thirty-five years' incarceration, which included a mandatory minimum pursuant to 18 Pa.C.S.A. § 7508.  The court denied Appellant's post-sentence motions on October 11, 2006.  Appellant timely appealed, but failed to file a Rule 1925(b) statement, **see** Pa.R.A.P. 1925(b), and this Court dismissed the appeal on March 20, 2007.

On February 13, 2008, Appellant filed a timely *pro se* first PCRA petition.  Appointed counsel filed an amended petition, and the court held a hearing on November 10, 2008.  The court granted PCRA relief, reinstating Appellant's direct appeal rights *nunc pro tunc*.  Appellant filed a timely notice of appeal and Rule 1925(b) statement.  This Court affirmed Appellant's judgment of sentence on February 8, 2010, and our Supreme Court denied his petition for allowance of appeal on August 25, 2010.  (**See** **Commonwealth v. Urbina-Nevarez**, No. 996 A.2d 16 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 4 A.3d 1054 (Pa. 2010)).

---

[1] 18 Pa.C.S.A. §§ 911(b)(3) and 911(b)(4), 35 P.S. §§ 780-113(a)(16) and (a)(30), and 18 Pa.C.S.A. §§ 903 and 7512, respectively.

- 2 -

On September 14, 2011, Appellant filed a counseled first PCRA petition.[2] The court held an evidentiary hearing on January 24, 2012, and set a briefing schedule. Appellant filed his brief on March 23, 2012, and the Commonwealth filed a responsive brief on March 26, 2012. The court denied the petition on May 12, 2012. This Court affirmed the denial of PCRA relief on July 16, 2013, and Appellant did not file a petition for allowance of appeal with our Supreme Court. (**See Commonwealth v. Urbina-Nevarez**, 82 A.3d 1067 (Pa. Super. 2013) (unpublished memorandum)).

On June 6, 2014, Appellant filed the instant, second, PCRA petition *pro se*. On September 9, 2014, the court notified Appellant of its intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907(1). On September 17, 2014, Appellant responded and, on November 17, 2014, the court dismissed the petition. On December 12, 2014, Appellant filed a timely notice of appeal. On December 16, 2014, the PCRA court ordered Appellant to file a Rule 1925(b) statement, which he has failed to do. **See** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on January 26, 2015. **See** Pa.R.A.P. 1925(a).

Appellant raises one issue for our review: "Whether the PCRA court erred by dismissing without a hearing [his] PCRA petition alleging and

---

[2] Because the court had granted reinstatement of Appellant's direct appellate rights *nunc pro tunc*, it properly treated this petition as a first PCRA petition pursuant to **Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2010).

establishing [that] [he] is entitled to relief for the illegal imposition of the

mandatory minimum sentence?" (Appellant's Brief, at 4). No relief is due.

> We review an order dismissing a petition under the PCRA
> in the light most favorable to the prevailing party at the PCRA
> level. This review is limited to the findings of the PCRA court
> and the evidence of record. We will not disturb a PCRA court's
> ruling if it is supported by evidence of record and is free of legal
> error. This Court may affirm a PCRA court's decision on any
> grounds if the record supports it. We grant great deference to
> the factual findings of the PCRA court and will not disturb those
> findings unless they have no support in the record. However, we
> afford no such deference to its legal conclusions. Further, where
> the petitioner raises questions of law, our standard of review is
> *de novo* and our scope of review is plenary.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2013), *appeal*

*denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

Before we are able to consider the merits of Appellant's claim on

appeal, however, we must determine whether the PCRA court properly found

that the petition was untimely, thus depriving us of jurisdiction to decide its

merits.

> It is well-settled that:
>
> A PCRA petition, including a second or subsequent one, must be
> filed within one year of the date the petitioner's judgment of
> sentence became final, unless he pleads and proves one of the
> three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A
> judgment becomes final at the conclusion of direct review by this
> Court or the United States Supreme Court, or at the expiration
> of the time for seeking such review. 42 Pa.C.S.[A.] §
> 9545(b)(3). The PCRA's timeliness requirements are
> jurisdictional; therefore, a court may not address the merits of
> the issues raised if the petition was not timely filed. **The
> timeliness requirements apply to all PCRA petitions,
> regardless of the nature of the individual claims raised
> therein.** The PCRA squarely places upon the petitioner the

- 4 -

burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted; emphasis added).[3]

Here, Appellant concedes that his PCRA petition was not filed within one year after his judgment became final on November 24, 2010, which was ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. (***See*** Appellant's Brief, at 5); ***see also*** S.Ct Rule 13. He argues, however, that his petition is timely pursuant to an exception found at 42 Pa.C.S.A. § 9545(b)(1). (***See id.*** at 6).[4] We disagree.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. ***See*** 42 Pa.C.S.A. § 9545(b)(1). When a petition is filed outside the one-year time limit, petitioners must plead and

---

[3] Appellant states that his legality of sentence challenge is non-waivable. (***See*** Appellant's Brief, at 4, 8). However, we observe that, "although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the enumerated exceptions thereto." ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007).

[4] Appellant also refers to the "AEDPA" (Antiterrorism and Effective Death Penalty Act). (***See*** Appellant's Brief, at 8-9). This appears to be a typographical error because he does not expressly discuss that Act, and it is irrelevant to his claim. (***See id.***).

prove the applicability of one of the three exceptions to the PCRA timing requirements. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted). Also, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant attempts to claim the applicability of the newly recognized constitutional right exception. (*See* Appellant's Brief, at 6-11); *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, he argues that "sentencing enhancements that effect the maximum sentence must be determined by a [j]ury beyond a reasonable doubt[,]" and, therefore, his mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508 was unconstitutional. (Appellant's Brief, at 7; *see id.* at 9-11). Appellant's argument fails.

We first observe that Appellant repeatedly insists his issue is not premised on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), but that it is grounded instead on the holdings of *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014), and *Commonwealth v. Thompson*, 93 A.3d 478 (Pa. Super. 2014). (*See* Appellant's Brief, at 6, 9).

However, it is well-settled that:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right **that was recognized by the Supreme Court of the United States or th[e Pennsylvania Supreme C]ourt** after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively . . . to cases on collateral review.**

*Commonwealth v. Leggett*, 16 A.3d 1144, 1147 (Pa. Super. 2011) (quoting *Commonwealth v. Copenhefer*, 941 A.2d 646, 649-50 (Pa. 2007)) (some emphasis in original; some emphasis added).

Here, contrary to Appellant's argument, *Thompson* and *Cardwell* cannot form the basis of the newly recognized constitutional right exception because they are Superior Court decisions. *See id.*; *see also Cardwell*, *supra* at 748; *Thompson*, *supra* at 478. In addition, the cases did not (and could not) create a new constitutional right, but instead decided that mandatory minimum sentences imposed pursuant to 18 Pa.C.S.A. § 7508 were unconstitutional based on the right recognized by *Alleyne*[5] and its progeny. *See Cardwell*, *supra* at 754-55; *Thompson*, *supra* at 493-94. Therefore, because *Cardwell* and *Thompson* are not United States or Pennsylvania Supreme Court cases announcing a new constitutional right,

---

[5] The Court in *Alleyne* announced the rule that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, *supra* at 2155.

Appellant's attempt to premise a claim of a newly recognized constitutional right on them fails.

Moreover, even if Appellant had relied on **Alleyne** itself, his attempt to claim the newly recognized constitutional right exception would fail. First, **Alleyne** was decided on June 17, 2013, and Appellant filed his PCRA petition on June 6, 2014 in contravention of the rule that a PCRA petition seeking to invoke a timeliness exception must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Additionally:

> [N]either our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Commonwealth v. Miller**, 102 A.3d 988, 994 (Pa. Super. 2014) (citations omitted).

Accordingly, consistent with this Court's holding in **Miller**, we conclude that the PCRA court properly dismissed Appellant's petition where he failed to plead and prove a timeliness exception[6] to the PCRA time-bar. **See Rykard**, **supra** at 1183.[7]

---

[6] To the extent Appellant attempts to plead and prove the previously unknown fact exception on the basis of a newspaper article allegedly printed
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2015

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

on May 3, 2014. (*see* Appellant's Brief, at 6; Motion for PCRA Relief, 6/06/14, at Exhibit 1), we note that he abandons any argument in support of this claim, and it is waived. (*See id.* at 7-11); *see also* Pa.R.A.P. 2119(a)-(b). Moreover, any argument in this regard would lack merit. *See Commonwealth v. Edmiston*, 65 A.3d 339, 570-71 (Pa. 2013), *cert. denied*, 134 S.Ct. 639 (2013) ("[T]o constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record[.]")

[7] We also observe that, even if we had jurisdiction to review Appellant's claim on its merits, we would deem his issue waived because he failed to file a court-ordered Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998) (any issue not raised in a Rule 1925(b) statement deemed waived).